■ MARY FORRAY, Respondent, v NEW YORK HOSPITAL et al., Defendants, and MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES et al., Appellants and Third-Party Plaintiffs-Appellants, et al., Third-Party Defendant. — Order, Supreme Court, New York County (Williams, J., on decision; Riccobono, J., on order), entered January 13, 1983, denying the motion of defendants and third-party plaintiffs Memorial Hospital for Cancer and Allied Diseases, Harry Brown and Olga Williams for an order pursuant to CPLR 3212 granting summary judgment, severing and dismissing this action as against them, unanimously reversed, on the law, without costs, and the motion is granted. ¶ In this action to recover damages for medical malpractice against these and other defendants, plaintiff alleges that the moving defendants were negligent in that they were responsible for the improper perforation of the posterior wall of plaintiff's trachea during a surgical procedure performed by third-party defendant Dr. Hollon W. Farr. ¶ Commencing on May 7, 1973 until February, 1976, plaintiff was treated by Dr. Farr who performed two operations at defendant Memorial Hospital on May 9 and June 25, 1973. Defendants Dr. Harry Brown, an anesthesiologist, and Olga Williams, an anesthetist nurse, assisted Dr. Farr during the May 9, 1973 operation. During the course of that operation, the posterior of plaintiff's trachea was torn. So far as appears on the record, the tear occurred while Dr. Farr was performing a tracheotomy. When he inserted the tracheotomy tube, there was a transverse tear of the posterior trachea. Dr. Farr stated on the examination before trial that he believed he caused the tear with "the tip of the olive of the tracheotomy tube when it was inserted". Dr. Farr further testified that he simply sutured the tear. He asserts it was of no further consequence. ¶ It is undisputed on the record that Dr. Farr was not an employee of Memorial Hospital while he was treating this patient. The affidavits of Dr. Brown and Nurse Williams establish without contradiction their noninvolvement in the perforation of plaintiff's trachea. Dr. Brown swore, and this was confirmed by Dr. Farr, that the perforation and repair occurred before Dr. Brown started administering anesthesia and Dr. Brown

had nothing to do with the perforation or its repair. Nurse Williams relieved Dr. Brown and continued to administer anesthesia to the patient while the patient was already anesthetized with a tracheotomy tube in place and attached to the anesthesia circuit. There is no contradictory evidence or suggestion as to the availability of any evidence that the anesthesiologist Dr. Brown or the nurse-anesthetist Williams were in any way responsible for the perforation. ¶ The Medical Malpractice Panel found that there was no liability on the part of the defendants Memorial Hospital, Dr. Brown or Nurse Williams. Although such finding is not dispositive on a motion for summary judgment, it is helpful in ascertaining whether there are any triable issues. ¶ It appears to be undisputed that defendants Memorial Hospital, Dr. Brown and Nurse Williams had nothing to do with the misdiagnosis alleged against the other defendants. There is no evidence that the moving defendants Memorial Hospital, Dr. Brown and Nurse Williams were in any way responsible for the perforation of plaintiff's trachea. The bald assertion in the affidavit in opposition of one of plaintiff's attorneys that there is evidence, unspecified, of such responsibility, is insufficient to defeat a motion for summary judgment. ¶ In order to successfully oppose a motion for summary judgment, a party must assemble and lay bare sufficient affirmative proof to demonstrate the existence of a genuine triable issue of fact (*Shaw v Time-Life Records,* 38 NY2d 201; *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Rotuba Extruders v Ceppos,* 46 NY2d 223). ¶ The attorney's affidavit in opposition which discloses no evidentiary facts but deals only in speculation and surmise is insufficient to defeat a motion for summary judgment (*Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255; *Trails West v Wolff,* 32 NY2d 207). ¶ Unless the attorney's affidavit demonstrates that he has knowledge of relevant facts, it has no probative value sufficient to defeat a motion for summary judgment (*Israelson v Rubin,* 20 AD2d 668, affd 14 NY2d 887). Concur — Murphy, P. J., Kupferman, Carro, Asch and Fein, JJ.