■ CHARLES HYMAN, INC., et al., Appellants, v OLSEN INDUSTRIES, INC., et al., Respondents.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 5, 1989, which, *inter alia,* granted the motion of defendants Olsen Industries, Inc., T. Frederick Jackson, Inc., and Fred Olsen for partial summary judgment dismissing the plaintiffs' first six causes of action and denied the plaintiffs' cross motion to dismiss the third and fourth affirmative defenses, unanimously modified, on the law, the defendants' motion denied and these causes of action reinstated, and the order is otherwise affirmed, without costs.

Plaintiff Anthony J. Provenzano had been engaged in the electrical contracting business since 1970, and through his holding company, Tri State Electrical Contractors Inc., had operated the plaintiff electrical contracting companies Charles Hyman, Inc. and Mass Transportation Electrical Construction Corp. (MTEC) since 1978. Defendant Fred Olsen is the majority stockholder of defendant Olsen Industries, Inc., and

through the subsidiary defendant, T. Frederick Jackson, Inc., had been engaged in the electrical construction industry since 1974.

Provenzano and Olsen first met in the spring of 1984 and quickly became close business and social friends. In November 1985, when the Jackson company encountered difficulties on certain projects, Olsen discussed these problems with Provenzano, and eventually Provenzano agreed that his company MTEC would become Jackson's "subcontractor" in order to complete that company's work. The plaintiffs assert that while MTEC was performing this work, the parties continued discussions about merging their various companies to form a joint venture consisting of a single entity, and that in July 1986 they reached an oral agreement to that effect. It is asserted that the terms of that agreement provided that a single enterprise would be formed, by means of Hyman and MTEC ceasing operations on July 30, 1986 and transferring their business to Jackson, with Provenzano to become a director of Olsen Industries and president of Jackson, Inc., to receive 20% of Jackson's stock, an annual salary of $200,000 plus expenses, and 15% of the profits generated by the Hyman corporation's former clients.

Defendants deny the making of any joint venture agreement and assert only that Provenzano's companies were in financial trouble by July 1986 and that Jackson resumed work on the contracts that Provenzano and MTEC had previously worked on.

The only writing of the parties in the record is a July 31, 1986 letter agreement between Jackson on the one hand, and Hyman and MTEC on the other, which provided that Hyman and MTEC cease operations as of July 30, 1986, that Jackson resume responsibility for six specific contracts on which MTEC and Hyman had previously worked, and that Provenzano individually be hired as a consultant at a salary of $16,500 per month.

Plaintiffs assert that after July 1986, Olsen breached his promises and refused to follow Provenzano's advice and expertise, and that Olsen announced that as a result of "philosophical differences", he and Provenzano could not become "partners". Plaintiffs also claim that Olsen offered Provenzano $600,000 to buy out his interest. This account is supported in the record by a proposed settlement agreement drafted by Olsen. The proposed agreement referred not only to the July 31, 1986 letter agreement, but also to a December 4, 1985 letter of understanding entitled "Jackson/Charles Hyman

Joint Venture", which is not included in the record, and to several unspecified other prior agreements between the parties. While the parties continued to negotiate, Provenzano was excluded from all Jackson business, including work performed for plaintiffs' former clients.

Eventually, the plaintiffs commenced this action asserting 15 causes of action against Olsen and his companies and other entities involved in their business. At issue on this appeal are the first six causes of action, asserted against Olsen, Olsen Industries, and Jackson. The first cause of action for breach of contract seeks an accounting or rescission of the transfer of Provenzano's business to Olsen. The second cause of action seeks money damages or rescission on a theory of fraudulent inducement. The third and fourth causes of action are similar to the first two and set forth alternative measures of damages. The fifth cause of action is for unjust enrichment and the sixth for imposition of a constructive trust. As relevant to this appeal, the defendants' third affirmative defense is predicated upon the Statute of Frauds and the fourth affirmative defense is based upon assertions that the July 31, 1986 agreement was an integrated contract constituting the parties' entire agreement, precluding any other claims by the plaintiffs.

The Olsen defendants moved for summary judgment dismissing the first six causes of action, and the plaintiffs crossmoved, *inter alia,* for summary judgment on those causes of action, and for dismissal of the third and fourth affirmative defenses.

The IAS court granted the defendants' motion and denied the plaintiffs' cross motion. The court found that the letter agreement of July 31, 1986 contained the complete agreement between the parties, and that the alleged oral agreement was unenforceable pursuant to the Statute of Frauds. Insofar as the oral agreement alleged, in part, a service or employment contract, the court found that it could not be performed within one year (General Obligations Law § 5-701 [a] [1]), and that other provisions calling for the sale of business opportunities, transfer of stock, and sale of business assets were unenforceable under the respective Statute of Frauds provisions of General Obligations Law § 5-701 (a) (10), UCC 8-319 and 2-201. The court also construed the fraud cause of action as alleging a failure to perform promises of future acts, which it held could be enforced only in the breach of contract cause of action, and accordingly dismissed the plaintiffs' fraud claims.

The order granting summary judgment to defendants should

be reversed. The role of the court on a motion for summary judgment is issue finding not issue determination. *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395.)* Here, the record is rife with issues of fact on these claims, supported by the extensive documentation submitted by plaintiff, and the court erred in reaching out to summarily determine these factual issues.

Initially, the court erred in determining that the July 31, 1986 letter agreement constituted the entire agreement between the parties. Plaintiffs demonstrated that the defendants themselves recognized other obligations to plaintiff in connection with the joint venture outside this letter agreement, by the submission of the proposed settlement, *drafted by Olsen,* which refers to a December 4, 1985 letter of understanding and other prior agreements between the parties. Moreover, the July 31, 1986 letter specifically refers to only six discrete jobs, while the alleged oral agreement contemplated full-scale integration of the parties' operations. There are clearly serious issues of fact concerning the import of the letter agreement vis-à-vis the over-all dealings of the parties.

There are also questions of fact concerning the applicability of the Statute of Frauds. The court's characterization of the agreement as primarily one for employment, and, therefore, one which could not be performed within one year, was erroneous. The primary thrust of plaintiffs' allegations concern an agreement for a joint business enterprise. Only one small portion of the agreement related to the employment of Provenzano, and, significantly, damages for Provenzano's unpaid salary are not an express item of relief sought by the plaintiffs. In any event, the one writing in the record upon which the motion court so heavily relied, does in fact contain a provision for Provenzano's employment at a salary of $16,500 per month (approximately $200,000 per year, as claimed in the oral agreement). This writing would sufficiently satisfy the Statute of Frauds, and even dehors the writing, to the extent that it provides for a *monthly* consulting salary, it is also an agreement that could be performed within one year, thereby falling outside of the statutory proscription.

Nor do the other Statute of Frauds and UCC provisions relied upon by the motion court warrant the grant of summary judgment. General Obligations Law § 5-701 (a) (10) requires an agreement for the *negotiation* of a business opportunity to be in writing. This provision applies to brokers and intermediaries who perform limited services in the consummation of certain kinds of commercial transactions, and not to

the principals of the transaction, as here. *(E.g., Freedman v Chemical Constr. Corp.,* 43 NY2d 260.) UCC 2-201 applies to the sale of *goods,* and the instant transaction is not one for the sale of goods but rather is essentially one involving the transfer of intangible assets and corporate organization. While the Statute of Frauds provisions of UCC 8-319 cover the sale of securities, and therefore technically might apply to the one term of the alleged agreement providing for the transfer of 20% of Jackson's stock to Provenzano, this is but one minor detail of a much broader agreement. In any event, plaintiffs do not seek damages for the failure to transfer the stock to Provenzano, but only an accounting or rescission of the overall business transaction involving the merger of the companies and the formation of a joint enterprise. To the extent that this minor term of the agreement may be unenforceable it cannot serve as the basis for summary invalidation of the entire agreement at this time, in light of the various questions of fact which exist in regard to that larger question.

Moreover, plaintiffs persuasively argue that, even assuming the applicability of the Statute of Frauds, part performance of the agreement takes it outside of the statute. On this motion, plaintiffs submitted affidavits setting forth facts of such actual partial performance referable to the oral agreement and defendants' claims disputing such evidence merely raised questions of fact which should not have been conclusively determined by way of summary judgment.

The dismissal of the second cause of action for fraud was based on the motion court's conclusion that the claim merely alleged an intent not to perform contractual obligations, and was duplicative of the breach of contract claim. However, that doctrine may not have application here, where, at least in part, the cause of action seeks not enforcement of the alleged agreement, but to set aside the allegedly fraudulent transfer of assets independent of any contractual promise on the defendants' part. *(See, Sabo v Delman,* 3 NY2d 155, 159.) In that context, summary dismissal of the fraud cause of action was inappropriate.

The claims asserted in the fifth and sixth causes of action, for unjust enrichment and imposition of a constructive trust, were not addressed by the motion court. To the extent relevant to the Statute of Frauds defenses, these causes of action are founded on the claim of the existence of a joint venture, and upon our finding that there are questions of fact as to whether the Statute of Frauds bars enforcement of the oral agreement covering the joint venture, the summary judgment

dismissal of these causes of action on Statute of Frauds grounds must be reversed as well.

Accordingly, on this record, issues of fact preclude summary determination, and that portion of the order which granted the defendants summary judgment dismissing the plaintiffs' first six causes of action is reversed. Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.