■ US 7 INC., Appellant, v TRANSAMERICA INSURANCE COMPANY, Respondent.—Order of the Supreme Court, New York County (Harold Baer, J.), entered on or about February 4, 1991, which denied with leave to renew plaintiff's motion for summary judgment, is unanimously reversed on the law and the motion granted, with costs and disbursements. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $28,175.33, plus costs and interest from June 8, 1989.

Plaintiff herein procured an insurance policy, in effect from May 5, 1989 to May 5, 1990, with respect to its commercial property, a deli/restaurant known as Slice of Life, which covered any loss or damage not specifically excluded or limited therein. Thus, the protection offered by the policy extended to the building, machinery and other equipment, fixtures, debris removal, personal property and loss of business income. On June 8, 1989, there was extensive water damage to a portion of the subject premises as the result of a leak originating in the unit located above the restaurant. Plaintiff then contacted defendant insurer, Transamerica Insurance Company, and provided it with an itemized list of the losses, purportedly totalling in excess of $28,000, bills and other documents evidencing the claim. Yet, notwithstanding that all material requested by defendant was evidently supplied, the insurer declined to pay, and the instant action ensued.

Plaintiff subsequently moved for summary judgment pursuant to CPLR 3212, appending an affidavit by plaintiff's owner and manager, the subject policy and documentary corroboration of the various expenses arising out of the removal and repair of the ceiling; repairs to the cash register, ice machine and refrigerator; vacuuming of excess water from the premises; overtime pay for clean-up; and destruction to food products, as well as losses from reduced dining room business. Defendant opposed the application by submitting an affirmation by its attorney which merely complained that since there had allegedly been no discovery since October 1, 1990, no issues of fact had yet been determined, especially at this early stage of the litigation. Indeed, defendant's counsel asserted

that he was not even aware whether Transamerica had previously refused coverage in this matter. Notwithstanding defendant's patently insufficient response, the Supreme Court denied the motion for summary judgment on the ground of a discovery problem and "more importantly insofar as discovery is concerned a. refusal to produce the plaintiff who may shed light on the alleged failure to file in compliance with the policy". In that regard, it should be noted that defendant has neither asserted as an affirmative defense in answer to the complaint that plaintiff failed to meet any condition precedent of the policy nor advanced such an argument in any of its papers. Rather, the only defense that Transamerica has ever urged is that the damage to plaintiff's premises is attributable to its own culpable conduct and that, in any event, defendant's liability is limited under the terms of CPLR article 16. Thus, not only is there no indication of a refusal to produce plaintiff, defendant does not even contend that it has been unable to compel plaintiff's deposition; all that is apparent is that such an examination before trial has not yet taken place.

An examination of the record herein does not reveal the existence of any genuine disputed question of fact. The law is established that a party opposing a motion for summary judgment must produce evidentiary proof in admissible form adequate to require a trial of a material question of fact or else demonstrate an acceptable excuse for its failure to do so (*Zuckerman v City of New York,* 49 NY2d 557; *Forray v New York Hosp.,* 101 AD2d 740). Despite including two affirmative defenses in its answer, which it did not thereafter make the least effort to detail or explain, Transamerica has not shown even a suggestion of a viable defense to the action against it. Since it is axiomatic that summary judgment cannot be avoided on the basis of general, conclusory and unsubstantiated allegations, plaintiff is entitled to summary judgment in its favor. Concur—Carro, J. P., Milonas, Wallach and Kupferman, JJ.