■ UNITED BANK OF KUWAIT PLC, Appellant, v BANK OF NEW YORK, Respondent. (And a Third-Party Action.)—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on March 7, 1990, which denied plaintiff's motion to renew its prior motion for summary judgment, is unanimously reversed on the law, the motion for renewal granted and, upon renewal, plaintiff's motion for summary judgment granted, with costs and disbursements.

Plaintiff United Bank of Kuwait, a British bank with a branch office in New York City, seeks to recover from defendant Bank of New York, a successor-in-interest to Long Island Trust Company, the sum of $90,542.78 plus interest as a result of the latter's breach of its obligation to remit such sum to plaintiff from third-party defendant Evergreen Limited Partnership. In that regard, Evergreen executed an installment note on December 27, 1984 pursuant to which it promised to pay $1,012,961 plus interest to the United Bank of Kuwait in four installments, accruing quarterly at 12½ percent annually. At the same time, plaintiff and the Bank of New York entered into a servicing agreement which required defendant to collect and receive funds from Evergreen and to wire transfer this money to the United Bank of Kuwait. Specifically, section 3.02 (c) (4) (a) of the subject contract provided that defendant was to: "On each Loan Note Due Date remit to Lender at Northern Trust International Banking Corporation, One World Trade Center, Suite 3942, New York, New York 10046, account #10274920230 by wire transfer that portion of the payments received from the Investors together with a list of the amount to be applied to principal of, and the amount to

be applied to interest on, the Investor Notes, such list to be forwarded to The United Bank of Kuwait Ltd. To the extent that there are any excess funds available that are not from prepayments or from errors, those excess funds are also to be remitted to the order of the Lender."

On July 29, 1986, the Bank of New York transferred the sum of $90,542.78 to Evergreen's demand deposit account at the United Bank of Kuwait, account number 10000887, rather than to plaintiff's order. Plaintiff thereafter demanded that defendant reimburse that amount, claiming that the conveyance constituted a clear violation of the servicing agreement. When the Bank of New York refused to turn over the money, the instant action ensued. Plaintiff subsequently moved for summary judgment pursuant to CPLR 3212. Although defendant did not contest its failure to comply with the terms of its contract with the United Bank of Kuwait, it urged, instead, that a former employee of plaintiff Bank named Michael Webb may have instructed the Bank of New York to wire $90,542.78 to Evergreen's account. The Supreme Court, perceiving the existence of questions of fact sufficient to preclude summary judgment, observed that "BNY alleges that it was directed to make such transfer by a UBK employee by the name of Webb. Indeed, the notification of such transfer includes Webb's name. UBK states without providing any proof that at the time Webb was no longer an employee of the bank. Why Webb's name would be on the transfer papers if he was not an employee is not addressed in the papers."

Plaintiff thereupon located Michael Webb and procured an affidavit from him in which he had insisted that he had left the United Bank of Kuwait's New York office in January of 1986 and could "unequivocally" state that he had no connection whatever with the disputed transfer. He also explained that when he was operations manager in New York, "I was not directly responsible for receiving payments on investor notes * * * (including Evergreen investor notes) but I did from time to time get involved in such monitoring, particularly in chasing up late payments * * * I do not know why my name appears on advice notes in this matter but can only assume that it is because my name would have been known to Northern Trust International Banking Corporation and to BONY and LITC because of my involvement with those organisations prior to January 1986."

In response, defendant bank contended that since Webb's name was on the transfer papers, it should be allowed to cross-examine him with respect to his disclaimer, and, more-

over, "BNY is entitled to discover if another UBK employee used Webb's name, regardless or whether that use was known to Webb, to effect the transfer." The Supreme Court then denied plaintiff's motion to renew on the ground that its "new submission does not eliminate the factual question as to whether the disputed transfer was directed by Mr. Webb or another United employee." However, not only did the Supreme Court improperly deny renewal, but its original order denying plaintiff's motion for summary judgment was also in error.

The servicing agreement at issue herein expressly and unambiguously mandated that defendant convey any excess funds to the United Bank of Kuwait. Further, section 6.02 of the contract provided that "[u]nless otherwise expressly specified or permitted by the terms hereof, all notices shall be in writing, delivered by hand or mailed by first-class registered mail, postage prepaid". Section 4.04 (c) relieved the agent, the Bank of New York, from liability to "anyone in acting upon any signature, instrument, notice, resolution, request, consent, order, certificate, report, opinion, bond or other document or paper believed by it to be genuine and believed by it to be signed by the proper party or parties." Thus, even if Webb had orally instructed the Bank of New York to wire funds to Evergreen's account, this would have been insufficient to vary the clear command of the servicing agreement. Yet, Webb rejects the notion that he gave such a directive, asserting that he departed plaintiff's New York office prior to the date that the transfer occurred and could not have authorized the conveyance, and defendant nowhere suggests, much less produces, any sort of writing to the contrary. In view of defendant's clear violation of the language of the contract, its unsupported, conclusory speculation that either Webb may not have been entirely truthful in his affidavit or else some other unidentified individual might have utilized his name is scarcely adequate to raise a material question of fact such as would avoid summary judgment (see, Zuckerman v City of New York, 49 NY2d 557; Forray v New York Hosp., 101 AD2d 740). Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.