■ BURSTIN INVESTORS, INC., Respondent-Appellant, v K.N. INVESTORS, LTD., et al., Appellants-Respondents. AMOS BURSTIN et al., Counterclaim Defendants-Respondents. [657 NYS2d 743] —In an action, *inter alia*, to recover damages for fraud, conversion, breach of contract, breach of fiduciary duty, mismanagement, waste, negligence, and gross negligence, the defendants, K.N. Investors, Ltd., Nachum Kalka, New Hope Farms I Associates, and Luckey Platt Centre Associates, appeal, as limited by their brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Dutchess County (Beisner, J.), entered March 22, 1996, which is in favor of the plaintiff and against them, *inter alia*, awarding the plaintiff damages in the sum of $8,195,755.67, including interest, and the plaintiff cross-appeals from so much of the same order and judgment as failed to award it punitive damages and damages for fraud and lost profits.

Ordered that the order and judgment is modified, on the law and as an exercise of discretion, by (1) deleting the provision thereof awarding the plaintiff $91,380.68, with interest, as damages for conversion and substituting therefor a provision awarding the same amount, with interest, to the derivative defendant, Luckey Platt Centre Associates, (2) reducing the award of attorneys' fees and litigation expenses to the plaintiff from the sum of $1,491,397.45 to the sum of $1,386,397.45, and (3) deleting the provision thereof awarding the plaintiff $3,000,000 as compensatory damages for its investment with interest from July 18, 1986, to March 11, 1996, and substituting therefor a provision awarding the plaintiff $3,000,000 with interest computed on $1,500,000 from September 1, 1986, to March 11, 1996; on $65,000 from February 1, 1987, to March 11, 1996; on $235,000 from March 1, 1987, to March 11, 1996; and on $1,200,000 from April 1, 1987, to March 11, 1996; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The plaintiff, Burstin Investors, Inc., is a New York corporation whose principal shareholders are Amos and Dina Burstin. The defendant K.N. Investors, Ltd., is another New York corporation whose president and only shareholder is the defendant Nachum Kalka. Kalka and the Burstins formed a limited partnership known as the Luckey Platt Centre Associates to invest in New York real estate. Burstin Investors, Inc., was the limited partner, and K.N. Investors, Ltd., was the general partner. The plaintiff brought this action to recover damages,

*inter alia,* for conversion, breach of fiduciary duty, breach of contract, negligence, waste, and mismanagement.

The appealing defendants (hereinafter the appellants) contend that the complaint should be dismissed because there has been no accounting *(see, e.g., Giblin v Anesthesiology Assocs.,* 171 AD2d 839; *Goodwin v MAC Resources,* 149 AD2d 666). We disagree. The appellants not only proceeded to trial on the plaintiff's causes of action without seeking dismissal on this ground, but the appellants asserted their own counterclaims for damages. Under the circumstances, we decline to deviate from the course charted by the parties *(see, Grammercy Equities Corp. v Dumont,* 72 NY2d 560, 564-565).

The Supreme Court improperly computed the interest on the plaintiff's $3,000,000 capital contribution from the date on which the partnership agreement was signed. CPLR 5001 (b) provides that interest shall be measured from the earliest date on which the cause of action existed, which assumes that whatever damages are sought are shown to have been sustained at least by that time *(cf., Gelco Bldrs. v Simpson Factors Corp.,* 60 Misc 2d 492; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5001:4, at 359). The plaintiff did not sustain any damages until it made its capital contributions to the partnership. The record reveals that those contributions were not made when the partnership agreement was signed, but in September 1986 ($1,500,000), February 1987 ($65,000), March 1987 ($235,000), and April 1987 ($1,200,000). When, as in this case, damages accrue at different times, interest may be computed separately on each segment of the damages, measured from its own moment of accrual *(cf., Gelco Bldrs. v Simpson Factors Corp., supra; see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5001:4, at 359). Therefore, the interest on each of the plaintiff's capital contributions should be computed separately from the date on which it was made.

The evaluation of what constitutes reasonable counsel fees is a matter within the sound discretion of the trial court, which is in the best position to judge those factors integral to the fixing of counsel fees (such as the time, effort, and skill required) and to review contemporaneous time records *(see, Matter of Nicastro v Park,* 186 AD2d 805; *Lefkowitz v Van Ess,* 66 AD2d 556). A review of the trial transcript and the exhibits in the record reveal that the Supreme Court's award of attorneys' fees was, for the most part, a proper exercise of discretion. In its posttrial affidavit, however, the plaintiff estimated that it would likely incur costs of approximately $25,000 for the post-

trial brief, $30,000 to brief and argue this appeal, and $50,000 in collection costs. These amounts are entirely speculative and should not have been included in the Supreme Court's award of attorney's fees.

Although the Supreme Court properly found, in its decision dated February 23, 1996, that the award of damages for Kalka's conversion of partnership property to himself and K.N. Investors, Ltd., should be paid to the partnership (see, Glenn v Hoteltron Sys., 74 NY2d 386, 393), the judgment awards those damages to the plaintiff. Thus, the judgment is modified accordingly.

The parties' remaining contentions are either unpreserved for appellate review, without merit, or academic. Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.