■ ENVIRONMENTAL PRODUCTS & SERVICES, INC., Respondent-Appellant, v CONSOLIDATED RAIL CORPORATION, Appellant-Respondent. [728 NYS2d 256] —Mugglin, J. (1) Cross appeals from an order of the Supreme Court (Keegan, J.), entered August 25, 2000 in Albany County, which, inter alia, granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment, and (2) appeal from the judgment entered thereon.

In 1996, plaintiff and defendant entered into a contract under which plaintiff was to provide emergency and nonemergency cleanup services for defendant. Pursuant to this contract, plaintiff performed emergency operations in 1997 to clean up a sulfuric acid spill and submitted a series of invoices totaling more than $300,000, on which defendant made only partial payment, leaving a balance due of $80,854. Plaintiff then commenced this action to recover the unpaid portion of the invoices, alleging breach of contract, account stated and unjust enrichment. Defendant's answer interposed a number of affirmative defenses, including payment, accord and satisfaction and that the total project cost exceeded the amount authorized by the parties' agreement. Plaintiff moved for summary judgment and defendant cross-moved for the same relief. Supreme Court granted plaintiff's motion and denied defendant's cross motion. Defendant now appeals and plaintiff separately appeals contending that Supreme Court erroneously fixed the date from which interest would accrue on the unpaid balance.

Defendant's initial contention is that Supreme Court errone-

ously found unenforceable an alleged oral modification of the agreement requiring that any services rendered by plaintiff to defendant costing over $200,000 be preapproved, and that plaintiff's failure to obtain preapproval prohibits it from collecting payment for this unauthorized work. Supreme Court concluded that since the contract of the parties was unambiguous and contained a provision forbidding modifications not in writing, defendant's claimed oral modification is unenforceable.

As a preliminary matter, we reject defendant's argument that such an agreement does not constitute a modification of the contract which violates the requirement that it be in writing. In our view, the purported modification constitutes a substantial and material change with respect to the services to be rendered by plaintiff and the total compensation to be received for those services.

General Obligations Law § 15-301 (1) provides that any contract which contains a prohibition against oral modification "cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement * * * is sought." Here, neither in opposition to plaintiff's motion for summary judgment nor in support of its own cross motion for summary judgment has defendant produced any writing embodying the substance of the purported oral modification. Although waiver, part performance and estoppel are recognized exceptions to the statute, defendant makes no claim that any exception exists (*see generally*, *Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235-236; *Rose v Spa Realty Assocs.*, 42 NY2d 338, 343-344; *Geraci v Jenrette*, 41 NY2d 660, 666-667). Thus, the purported oral modification to the agreement is unenforceable.

As an alternative argument, defendant asserts the existence of an accord and satisfaction. In this regard, defendant claims that its authorized representative agreed with plaintiff's representative, Christopher Parzych, that the dispute over the invoices would be settled by plaintiff reducing its claim by approximately $80,000. As the movant, plaintiff successfully sustained his burden of demonstrating that no accord was reached through the affidavit of Parzych, who asserted that he neither agreed to modify the original contract nor entered into a new contract and, moreover, that he was never an authorized representative of plaintiff. This affidavit is sufficient to shift the burden to defendant to produce evidence in admissible form sufficient to at least raise a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 560).

Defendant's claim that an accord and satisfaction exists does not withstand analysis. In this regard, the record is silent as to the time when defendant made partial payment of the invoices in question. Nevertheless, to establish the affirmative defense of accord and satisfaction, defendant must establish that a stipulated performance will be accepted in the future, in lieu of an existing claim (*see, Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375, 383; *Altamuro v Capoccetta*, 212 AD2d 904, *lv denied* 85 NY2d 808). Therefore, defendant's claim must be that it refused to pay the invoices and plaintiff thereupon agreed to accept, in the future, payment of the invoices, less approximately $80,000 in lieu of the existing claim. Since this constitutes an executory accord and is not in writing and signed by an authorized representative of plaintiff, it is unenforceable (*see,* General Obligations Law § 15-501 [2]). If, on the other hand, it is defendant's claim that partial payment of the invoices occurred prior to plaintiff's alleged agreement to reduce the claim by approximately $80,000, there is no accord since there is no agreement that a stipulated performance will be accepted in the future, in lieu of an existing claim and, therefore, execution, in order to satisfy the accord, could not occur. We have considered the balance of defendant's arguments and find them equally unavailing.

Lastly, we do find merit in plaintiff's claim that Supreme Court erroneously fixed the date from which interest should be computed as August 26, 1999. The relevant invoices are dated September 23, 1997, September 26, 1997 and October 31, 1997 and the agreement provides that payment is due net 10 days from the date of the invoice.

"CPLR 5001 (b) provides that interest shall be measured from the earliest date on which the cause of action existed [citations omitted]" (*Burstin Investors v K.N. Investors*, 239 AD2d 376, 377, *lv denied* 91 NY2d 806). "When * * * damages accrue at different times, interest may be computed separately on each segment of the damages, measured from is own moment of accrual [citations omitted]" (*id.*, at 377). Moreover, when the dates on which damages occurred are readily ascertainable, interest should be computed from such dates rather than an intermediate date (*see, Collins v Esserman & Pelter*, 256 AD2d 754, 758).

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as computed interest on the unpaid balances from August 26, 1999; said interest is to be computed 10 days from the invoices dated September

23, 1997, September 26, 1997 and October 31, 1997 in accordance with this Court's decision; and, as so modified, affirmed.