■ COHEN FASHION OPTICAL, INC., et al., Appellants, v V & M OPTICAL, INC., et al., Respondents. [858 NYS2d 260]—

In an action, inter alia, to recover damages for breach of a franchise agreement and a sublease, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Spinola, J.), entered April 3, 2007, which denied their motion for summary judgment on the issue of liability and to dismiss the affirmative defenses and counterclaim asserted in the answer.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability and to dismiss the affirmative defenses and counterclaim asserted in the answer is granted.

Contrary to the determination of the Supreme Court, the defendants failed to raise a genuine material issue of fact in opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The defendants' claim that the parties entered into an enforceable oral modification of the subject franchise agreement is precluded by the express terms of the agreement and by General Obligations Law § 15-301 (1) (*see e.g. Moutafis v Osborne,* 7 AD3d 686 [2004]; *Environmental Prods. & Servs. v Consolidated Rail Corp.,* 285 AD2d 700 [2001]; *Opton Handler Gottlieb Feiler Landau & Hirsch v Patel,* 203 AD2d 72 [1994]). Moreover, since the defendants' counterclaim for setoff damages was premised on the purported oral modification, the plaintiffs were entitled to the dismissal of that counterclaim.

The defendants' affirmative defenses of payment, accord and

satisfaction, and expiration of the applicable statute of limitations period were unsubstantiated by any factual allegations and conclusory in nature. Accordingly, the branch of the plaintiffs' motion which was for summary judgment dismissing them should have been granted (*see e.g. Petracca v Petracca*, 305 AD2d 566 [2003]; *Coleman v Norton*, 289 AD2d 130 [2001]; *US 7 v Transamerica Ins. Co.*, 173 AD2d 311 [1991]).

The defendants' remaining contentions are without merit. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.