■ Frank L. Bruno, Jr., Appellant, v Ann Marie Sant'Elia et al., Respondents. [860 NYS2d 589]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 1, 2007, as granted the defendants' motion for summary judgment dismissing the complaint based on the defense of the statute of frauds and denied those branches of his cross motion which were for summary judgment dismissing the defendants' third, fourth, fifth, and seventh defenses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint based on the defense of the statute of frauds is denied, and those branches of the plaintiff's cross motion which were for summary judgment dismissing the defendants' third, fourth, fifth, and seventh defenses are granted.

The plaintiff correctly contends that the defendants' motion for summary judgment dismissing the complaint based on the defense of the statute of frauds (*see* General Obligations Law

§ 5-703) should have been denied. In response to the defendants' prima facie showing on the motion (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), the plaintiff's evidentiary submissions raised triable issues of fact regarding whether the agreement of the parties alleged in the complaint constituted a valid oral joint venture agreement to which the statutory writing requirement would not apply (*see generally Matter of Havemeyer*, 17 NY2d 216, 222 [1966]; *Mattikow v Sudarsky*, 248 NY 404, 406 [1928]; *Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 885 [2004]; *Barash v Estate of Sperlin*, 271 AD2d 558, 559 [2000]; *Unicorn Enters. v Stonewall Contr. Corp.*, 232 AD2d 404, 405 [1996]; *Charles Hyman, Inc. v Olsen Indus.*, 163 AD2d 232 [1990]).

Furthermore, the Supreme Court should have granted summary judgment to the plaintiff dismissing the defenses based on statute of limitations, laches, and unclean hands, since those defenses were completely unsubstantiated by any factual allegations and were conclusory in nature (*see e.g. Petracca v Petracca*, 305 AD2d 566 [2003]; *Coleman v Norton*, 289 AD2d 130 [2001]; *US 7 v Transamerica Ins. Co.*, 173 AD2d 311 [1991]). The defense alleging failure to plead fraud with the requisite specificity likewise should have been dismissed, since the plaintiff's factual allegations are sufficient under the statute (*see* CPLR 3016 [b]; *see generally Williams v Lynch*, 245 AD2d 715 [1997]).

The defendants' remaining contentions either are improperly raised for the first time on appeal or need not be considered in view of the foregoing. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.