CSX TRANSPORTATION,
INC., Plaintiff,

v.

NIAGARA LUBRICANT CO.,
INC., Defendant.

No. 1:12–CV–00540 EAW.

United States District Court,
W.D. New York.

Signed Nov. 10, 2015.

Keith N. Bond, Walsh, Roberts & Grace, Buffalo, NY, Jeffrey D. Cohen, Keenan Cohen & Merrick P.C., Jamestown, PA, Paul David Keenan, Keenan Cohen & Howard P.C., Jenkintown, PA, for Plaintiff.

Mark C. Davis, Richard Mark Scherer, Jr., Thomas J. Gaffney, Kevin James Cross, Lippes Mathias Wexler Friedman LLP, Buffalo, NY, for Defendant.

### DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

Plaintiff CSX Transportation, Inc. ("CSX" or "Plaintiff") brought this action against Defendant Niagara Lubricant Co., Inc. ("Defendant"), seeking to recover for damage to its property caused by a fire on July 13, 2011, at a manufacturing and processing facility operated by Defendant. (Dkt. 2). A jury trial was held beginning on July 27, 2015. (Dkt. 96). Prior to commencement of the trial, Plaintiff and Defendant unequivocally stipulated that the Court, if necessary, would resolve any issues relating to prejudgment interest.

The jury ultimately returned a verdict in favor of Plaintiff and awarded $256,000 in damages. (Dkt. 104). Due to the aforementioned stipulation, the jury was not retained to determine the appropriate amount of prejudgment interest owed to Plaintiff. The parties submitted memoranda outlining their respective positions concerning prejudgment interest on August 21, 2015 (Dkt. 108, 109 & 111), and filed responses on August 28, 2015 (Dkt. 112 & 113). For the following reasons, the Court awards Plaintiff prejudgment interest in the amount of $86,803.05.

### DISCUSSION

#### I. STANDARD

The parties agree that New York's C.P.L.R. 5001, as well as the mandatory nine percent interest rate, applies to the calculation of prejudgment interest in this case. The only dispute between the parties is the date from which prejudgment interest should accrue. (Dkt. 108, Dkt. 109 & Dkt. 111–113).

It is well-settled that state law applies to questions of prejudgment interest in diversity cases before district courts. *Ginett v. Computer Task Grp.*, 962 F.2d 1085, 1101 (2d Cir.1992) ("This court has consistently held that, in diversity cases commenced under New York law, the source of the right to prejudgment interest is N.Y. Civ. Prac. L. & R. § 5001 ...."); *see also Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 232 F.Supp.2d 289, 291–92 (S.D.N.Y.2002) ("It is well settled that state law applies to an award of prejudgment interest in a diversity action in federal court."). In that regard, C.P.L.R. 5001, which governs prejudgment interest in New York, provides:

Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest

and the rate and date from which it shall be computed shall be in the court's discretion.

*See* C.P.L.R. 5001(a). Accordingly, "[w]hile awards of interest are generally discretionary, 'New York law does not permit the trial court to exercise any discretion where a party is entitled to [prejudgment interest] as a matter of right.'" *Capital Ventures v. Republic of Arg.*, 552 F.3d 289, 296 (2d Cir.2009) (quoting *New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 602–03 (2d Cir.2003)) (alteration in original); *see also Spector v. Mermelstein*, 485 F.2d 474, 482–83 (2d Cir.1973) (prejudgment interest mandatory in cases relating to negligent invasions of property rights); *Schatzki v. Weiser Capital Mgmt., LLC*, No. 10 Civ. 4685, 2014 WL 630650, at *1, 2014 U.S. Dist. LEXIS 20963, at *3 (S.D.N.Y. Feb. 18, 2014) ("'Section 5001 imposes an affirmative mandate on trial courts; they have no discretion not to award prejudgment interest under New York law.'"), *aff'd sub nom. BBP Wealth, Inc. v. Weiser Capital Mgmt., LLC*, Nos. 14–1848–cv(L); 14–1849–cv(XAP), 623 Fed.Appx. 7, 2015 WL 4999524, 2015 U.S.App. LEXIS 14814 (2d Cir. Aug. 24, 2015) (quoting *Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 93 (2d Cir.2000)).

C.P.L.R. 5001 directs that prejudgment interest shall be computed "from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *See* C.P.L.R. 5001(b). The parties are entitled to have the jury determine the date from which prejudgment interest should run; however, "[i]f a jury is discharged without specifying the date, the court upon motion shall fix the date . . . ." *See* C.P.L.R. 5001(c).

New York has set a rate of nine percent per annum for prejudgment interest. *See* C.P.L.R. 5004; *Dormitory Auth. v. Cont'l Cas. Co.*, 756 F.3d 166, 170 (2d Cir.2014). Although New York law gives the court discretion to set the rate at which prejudgment interest accrues when the action is equitable in nature, that exception does not apply here. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir.1991) (admonishing courts not to use the discretion afforded by the "equity clause" of C.P.L.R. 5001(a) where the relief sought is limited to damages); *Kirton v. Nw. Mut. Life Ins. Co.*, No. CV 00–7646(JS)(JO), 2006 U.S. Dist. LEXIS 101679, at *12 (E.D.N.Y. Jan. 17, 2006) ("A district court has no discretion to deviate from the mandatory rate and computation rules of § 5001(a) if a case is not clearly and predominantly equitable in nature . . . ."), *adopted*, 2006 WL 3051772, 2006 U.S. Dist. LEXIS 78915 (E.D.N.Y. Oct. 24, 2006). Defendant has not objected to the statutory rate of nine percent, and "[b]ecause this is an action at law, the statutory rate of interest governs." *Action S.A.*, 951 F.2d at 508.

"When . . . damages accrue at different times, interest may be computed separately on each segment of the damages, measured from its own moment of accrual." *Burstin Invs., Inc. v. K.N. Invs., Ltd.*, 239 A.D.2d 376, 377, 657 N.Y.S.2d 743 (2d Dep't 1997); *see also Wechsler v. Hunt Health Sys., Ltd.*, 330 F.Supp.2d 383, 435 (S.D.N.Y.2004) ("'where damages are incurred at various times after the cause of action accrues, section 5001 grants courts wide discretion in determining a reasonable date from which to award prejudgment interest.'") (quoting *Conway v. Icahn & Co.*, 16 F.3d

504, 512 (2d Cir.1994)). Although there is case law stating that "[i]nterest upon a property damage award is to be allowed from the earliest date of the accrual of the cause of action," *see Brandt Corp. v. Warren Automatic Controls Corp.*, 37 A.D.2d 563, 563, 322 N.Y.S.2d 291 (2d Dep't 1971); *Craig Test Boring Co. v. Saudi Arabian Airlines Corp.*, 138 F.Supp.2d 553, 561 (S.D.N.Y.2001), CSX was not deprived of the use of its money until the specific dates payments were made. This is because " '[t]he purpose of prejudgment interest is to compensate parties for the loss of the use of money they were entitled to receive, taking into account the "time value" of money.' " *Nature's Plus Nordic A/S v. Nat. Organics, Inc.*, No. 09–cv–4256 (ADS)(AKT), 108 F.Supp.3d 52, 56, 2015 WL 3540411, at *3, 2015 U.S. Dist. LEXIS 73099, at *7–8 (E.D.N.Y. June 5, 2015) (quoting *Kassis v. Teachers' Ins. & Annuity Ass'n*, 13 A.D.3d 165, 165, 786 N.Y.S.2d 473 (1st Dep't 2004)); *see also McCoy v. Goldberg*, 810 F.Supp. 539, 547 (S.D.N.Y. 1993) ("The intent of awarding prejudgment interest under CPLR § 5001 is to compensate an aggrieved party for damages due to the loss of the use of money or its equivalent, or a loss of the opportunity to realize a fair return on that money."). Accordingly, the Court will impose prejudgment interest separately on each segment of damages, measured from the date that each payment was made.

## II. ANALYSIS

In its post-trial submission relating to prejudgment interest, CSX contends that it is entitled to prejudgment interest in the amount of $86,803.05, which it arrived at by pro-rating the total amount of prejudgment interest due to CSX if it had secured a full recovery, based on the percentage of CSX's total damages as awarded by the jury. (Dkt. 111 at 2). Attached as Exhibit A to Plaintiff's submission is a declaration by Edward Berlin, an accountant employed by CSX, listing the costs incurred by CSX as a result of the July 11, 2013 fire at Defendant's facility, and the dates on which those costs were incurred. (Dkt. 111–1). Attached as Exhibit B is a chart listing damages incurred by CSX as a result of the July 11th fire, which Mr. Berlin testified "correctly and accurately lists the date of each payment CSX made, the party to whom CSX made each payment, and the date CSX made each payment." (Dkt. 111–2). The Court has reviewed Mr. Berlin's declaration and the tables of payments, and finds that they accurately reflect the interest on the damages to be awarded to Plaintiff.

Defendant argues that because CSX did not introduce any evidence at trial regarding the appropriate date on which CSX made payments, the Court should exercise its discretion and select July 21, 2015, the date the parties executed and filed a stipulation regarding Defendant's liability for damages relating to the fire (Dkt. 94), as the date from which prejudgment interest should run. (*See* Dkt. 109 at 2). In its reply memorandum of law, Defendant requests that the Court, in the alternative, consider awarding prejudgment interest from June 8, 2012, the date on which CSX commenced this action. (Dkt. 112 at 1).

■ The only consequence of CSX's failing to submit to the jury the specific dates on which damages were incurred is that the Court must determine and fix the date from which prejudgment interest runs, rather than the jury. *See* McKinney's C.P.L.R. § 5001, C5001:5 (2014) ("All of the facts concerning the dates should be ready and in place in the evidence before the case goes to the trier of the facts. *In a jury case, a failure to adduce the facts on which a finding of dates can be predicated may result in a waiver of the right*

*to have the jury decide them: subdivision (c) provides that the jury's discharge without having fixed the dates will leave the matter to the court. . . . "*) (emphasis added). The law does not require the Court to select the date that the parties filed the lawsuit, or the date on which the parties executed a stipulation, as a consequence of CSX's failure to submit to the jury evidence of the specific dates it incurred damages. Indeed, CSX presumably refrained from submitting such evidence to the jury in reliance upon the aforementioned stipulation that the Court decide any issues relating to prejudgment interest. It would have been a waste of the jury's time and an inefficient use of the Court's resources to submit evidence to the jury related to an issue that the parties agreed would be decided by the Court.

■ Defendant cites case law stating that when the date from which to fix interest is speculative or ambiguous, a court should select the date of the commencement of the action as the date from which prejudgment interest accrues. *See Caleb v. Sevenson Envt'l Servs., Inc.,* 117 A.D.3d 1421, 1423, 984 N.Y.S.2d 749 (4th Dep't 2014); *23/23 Comms. Corp. v. Gen. Motors Corp.,* 257 A.D.2d 367, 367–68, 683 N.Y.S.2d 43 (1st Dep't 1999). (Dkt. 112 at 2–3). However, the dates on which payments were made by CSX are not speculative or ambiguous—Mr. Berlin, who has personal knowledge regarding payments made by CSX, has submitted a sworn affidavit recounting all expenses incurred by CSX as a result of the Niagara Lubricant fire, and the dates on which those payments were made. Indeed, it is difficult to imagine a more specific listing of damages than the one provided by Plaintiff, which includes the payment date, payment amount, number of days between the payment and August 4, 2015, date of the verdict, daily interest, and the interest as of

August 4, 2015. (Dkt. 111–2). Defendant appears to take the position that when the parties stipulate that the court decide the date from which prejudgment interest runs, and damages have occurred on various dates, any computation of prejudgment interest by the court would be ambiguous, and thus it must select the date on which the lawsuit was commenced. However, Defendant's position is directly at odds with the plain language of C.P.L.R. 5001(b), which specifically states that "[w]here such damages were incurred at various times, *interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.*" *See* C.P.L.R. 5001(b) (emphasis added). Moreover, Plaintiffs proposed pro-rating of the actual interest amounts based upon the jury verdict amount as compared to the total damages sought by Plaintiff, is a reasonable method of apportionment under the circumstances.

Defendant has not raised any issue relating to the validity of the dates contained in Exhibits A and B, or the method of computation of prejudgment interest. The Court finds that a more accurate measure of the prejudgment interest owed to Plaintiff is reached using the individual dates on which CSX incurred the damages, rather than June 8, 2012, the date on which CSX commenced this action, or July 21, 2015, the date on which the parties executed a stipulation relating to liability.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to prejudgment interest in the amount of $86,803.05, which amount is hereby added to the $256,000 previously awarded by the jury. The Clerk of Court is directed to amend the judgment entered in favor of CSX Transportation, Inc., to

award damages in the total amount of $342,803.05.

SO ORDERED.