U.S. Bank N.A. v Ahmed (2019 NY Slip Op 05577)





U.S. Bank N.A. v Ahmed


2019 NY Slip Op 05577


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-07498
2017-03669
 (Index No. 703445/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Mohammed Ahmed, etc., respondent, et al., defendants.


Fein, Such & Crane, LLP (D.J. & J.A. Cirando, Syracuse, NY [John A. Cirando, Bradley E. Keem, and Elizabeth deV. Moeller], of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Christopher Villanti of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered May 4, 2016, and (2) an order of the same court entered March 16, 2017. The order entered May 4, 2016, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mohammed Ahmed, in effect, for summary judgment dismissing the affirmative defenses, and for an order of reference. The order entered March 16, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew the same branches of its prior motion.
ORDERED that the order entered May 4, 2016, is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were, in effect, for summary judgment dismissing the first, second, third, sixth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, and so much of the order entered March 16, 2017, as denied that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were, in effect, for summary judgment dismissing the first, second, third, sixth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses is vacated; and it is further,
ORDERED that the order entered March 16, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mohammed Ahmed.
In May 2014, the plaintiff commenced this action against the defendant Mohammed Ahmed (hereinafter the defendant) and others, to foreclose a consolidated mortgage in the amount of $595,000. The defendant asserted as affirmative defenses in his answer, inter alia, that the plaintiff failed to comply with the notice of default provisions of the mortgage and with the statutory [*2]requirements to commence a foreclosure action. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, in effect, for summary judgment dismissing the defendant's affirmative defenses, and for an order of reference. The Supreme Court, inter alia, denied those branches of the plaintiff's motion. Thereafter, the plaintiff moved, inter alia, for leave to renew its prior motion, and that branch of its motion was denied. The plaintiff appeals.
We agree with the Supreme Court's determination that the plaintiff failed to demonstrate, prima facie, that it strictly complied with RPAPL 1304. Proper service of the RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
Here, the plaintiff failed to submit an affidavit of mailing demonstrating that it properly mailed the RPAPL 1304 notice to the defendant pursuant to the terms of the statute (see U.S. Bank N.A. v Cope, 167 AD3d 965; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784). Further, although the plaintiff submitted a certified mail receipt and tracking information from the United States Postal Service, under the circumstances, these documents did not prove that the RPAPL 1304 notice was actually mailed. In particular, the certified mail receipt did not contain a postmark indicating that it was sent. Further, there was no tracking number on the RPAPL notice or any other information on either the notice or the certified mail receipt to show that the receipt pertained to the mailing of the RPAPL notice, as opposed to some other document sent to the defendant. Similarly, the tracking information the plaintiff submitted did not contain any information linking the tracking information to the RPAPL notice and did not contain a delivery address. Thus, the documents submitted merely proved that a mailing was delivered on a particular date to an address in Astoria, Queens. Finally, the affidavit of the plaintiff's representative was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304, "as the representative did not provide proof of a standard office mailing procedure" (U.S. Bank N.A. v Cope, 167 AD3d at 968; see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; U.S. Bank N.A. v Henry, 157 AD3d 839, 842; Investors Sav. Bank v Salas, 152 AD3d 752, 753; Citibank, N.A. v Wood, 150 AD3d 813, 814; cf. Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126).
The plaintiff similarly failed to establish, prima facie, that it mailed a notice of default to the defendant by first-class mail on any particular date, or actually delivered such notice to the designated address if sent by other means, as required by the terms of the mortgage as a condition precedent to foreclosure (see Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789, 791; Emigrant Bank v Myers, 147 AD3d 1027, 1028).
Since the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304 and with a contractual condition precedent, we agree with the Supreme Court's determination denying those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, in effect, for summary judgment dismissing the fourth and fifth affirmative defenses, and for an order of reference, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the sixth affirmative defense, alleging that the plaintiff failed to comply with RPAPL 1303. Proper service of the notice required by RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and it is the plaintiff's burden to show compliance with that statute (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 102; First Natl. Bank of Chicago v Silver, 73 AD3d 162, 169). The statute requires that the mandated notice be "delivered with the summons and complaint" (RPAPL 1303[2]). Here, the [*3]plaintiff established, prima facie, through a process server's affidavit, that the requisite notice in the form prescribed by RPAPL 1303 was "delivered" with the summons and complaint (see US Bank N.A. v Nelson, 169 AD3d 110), and the defendant failed to raise a triable issue of fact in opposition.
The Supreme Court also should have granted that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the ninth affirmative defense, alleging that the plaintiff lacked standing because it was not the holder or assignee of the note at the time the action was commenced. The plaintiff established, prima facie, that it was the holder of the underlying note at the commencement of the action by attaching the consolidated note, endorsed in blank, to the summons and complaint when it commenced the action (see Wells Fargo Bank, N.A. v Zucker, 169 AD3d 856; U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492). The defendant failed to raise a triable issue of fact in opposition.
The Supreme Court further should have granted those branches of the plaintiff's motion which were, in effect, for summary judgment dismissing the first, second, third, seventh, and eleventh affirmative defenses. The plaintiff demonstrated, prima facie, that those affirmative defenses were without merit, and the defendant failed to raise a triable issue of fact in opposition (see Emigrant Bank v Myers, 147 AD3d 1027, 1028). The court should have granted those branches of the plaintiff's motion which were, in effect, for summary judgment dismissing the eighth and tenth affirmative defenses, since they were conclusory in nature and contained no factual allegations (see Bruno v Sant'Elia, 52 AD3d 556, 557; Cohen Fashion Opt., Inc. v V & M Opt., Inc., 51 AD3d 619).
The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was for leave to renew, inter alia, those branches of its motion which were for summary judgment and for an order of reference. Leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "[A] motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Jovanovic v Jovanovic, 96 AD3d 1019, 1020; see Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891). Here, the plaintiff did not provide a reasonable justification for its failure to present the additional facts at the time its earlier motion was made (see Kio Seob Kim v Malwon, LLC, 155 AD3d 1017, 1018).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court