■ OPTON HANDLER GOTTLIEB FEILER LANDAU & HIRSCH,

Plaintiff, v PRAVIN I. PATEL, Appellant, and BAR HARBOUR MOTEL COMPANY, Respondent. [610 NYS2d 26] —Judgment, Supreme Court, New York County (Lewis R. Friedman, J.), entered November 5, 1992, which, upon the decision of Harold Baer, Jr., J., dated August 21, 1992, awarded judgment to defendant Bar Harbour Motel Company ("Bar Harbour") on its first cross-claim against defendant Pravin I. Patel ("Patel") in the sum of $100,000, together with costs, disbursements and interest thereon, for a total sum of $108,571.29, and which directed plaintiff Opton Handler Gottlieb Feiler Landau & Hirsch ("Opton Handler"), as Escrowee, to pay over to defendant Bar Harbour the total Escrow Fund of $100,000, together with interest thereon, and order of said court and Justice, entered February 8, 1993, which denied the motion by defendant Patel for reargument and/or renewal, unanimously affirmed, with costs.

The IAS Court properly determined that Bar Harbour, as seller of certain real property, was entitled, as a matter of law, to retain the $100,000 down payment of defendant Patel, the buyer, together with all interest earned thereon, as liquidated damages, pursuant to paragraph 35 of the parties' real property contract of sale. Patel concededly failed to provide timely written notice of his inability to obtain a mortgage commitment as contractually required and subsequently defaulted in closing title (see, Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 382). Further, in opposing summary judgment, via the conclusory affidavits of counsel and a non-party witness, defendant Patel failed to produce evidentiary proof in admissible form sufficient to require a trial with respect to his claim that Bar Harbour had orally modified the parties' agreements by granting an extension of time within which to obtain a mortgage commitment (Zuckerman v City of New York, 49 NY2d 557, 562). In any event, the alleged oral modification is barred by both the parties' contract merger clause and General Obligations Law § 15-301, which specifically provides that changes to a written agreement which contains a provision to the effect that it cannot be changed orally, as here, may only be effected by an executory agreement in writing which is signed by the party against whom enforcement of the change is sought (Levine v Trattner, 130 AD2d 462, 463).

Nor did the IAS Court err in denying Patel's motion for reargument and/or renewal, in light of the fact that the alleged new evidence was within Patel's knowledge and was readily available at the time the initial summary judgment

motion was made and that he had failed to demonstrate either new or additional facts warranting renewal or that the IAS Court had overlooked or misapprehended the facts or the law in arriving at its earlier decision *(Pahl Equip. Corp. v Kassis,* 182 AD2d 22, 27, *lv denied* 80 NY2d 1005).

We have reviewed the remaining claims and find them to be without merit. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.