ORIX CREDIT ALLIANCE,
INC., Plaintiff,

v.

Ilho A. KIM, Defendant.

94 Civ. 5695 (JGK).

United States District Court,
S.D. New York.

Jan. 9, 1996.

Louise S. Meller, Orix Credit Alliance, Inc., New York City, for plaintiff.

Ilho A. Kim, Fairfax, VA, pro se.

## OPINION AND ORDER

KOELTL, District Judge:

This contract action involves a lease agreement between Orix Credit Alliance, Inc. ("Orix"), a commercial finance company, and Ilho A. Kim and Ho Joon Cho. Orix alleges that Kim and Cho breached their obligations under an Equipment Lease Agreement (Complaint, Exh. A)("the Lease") dated December 4, 1991 between Orix, the lessor, and Kim and Cho, individually and as co-partners

of Custom Cleaners, as lessees. Pursuant to the terms of the agreement, Kim and Cho leased certain dry cleaning equipment from Orix. The plaintiff brings this action against Kim only and seeks to recover sums allegedly due and owing under the terms of the Lease. Jurisdiction of this action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.[1]

Currently before the Court is the plaintiff's motion for summary judgment. Orix claims that Kim has defaulted under the terms of the Lease by failing to make rental payments due on the first day of December 1992 and on the first day of each month thereafter. (Stratigakos Aff., Exh. 1) (Payment History). At the time of the default, payments totaling $16,000.24 had been made. (Stratigakos Aff., Exh. 1.) The last payment was received on September 3, 1993. (Stratigakos Aff., Exh. 1.) On October 1, 1993, the plaintiff sent notices by certified mail and by first class mail, postage prepaid, advising that the leased equipment would be sold at a private sale on or after October 15, 1993 for $100,-000. (Stratigakos Aff., Exh. 2.) This notice was sufficient under the terms of the Lease, which provided that "any private sale shall be deemed commercially reasonable if notice thereof is mailed to [him] at least 14 days before the sale date stated therein and credit given for the price stated." (Complaint, Exh. A.) The sale was consummated as scheduled to a third party who is the new operator of the dry cleaning establishment.

Although Kim admits that he executed the Lease, (Answer ¶ 4), he argues he is not obligated under the terms of the Lease because he has obtained a release from the plaintiff for his contractual obligations. Kim asserts that sometime after the execution of the lease, he notified Cho that he wanted to cancel his signatures and withdraw from any further involvement under the lease. Cho allegedly agreed to delete Kim's name from all documents concerning the Lease and continued the Lease as the de facto sole proprietor of Custom Cleaners. In an unsworn

letter accompanying the defendant's response to the plaintiff's motion for summary judgment, Cho states that he notified John Abbot, a loan officer for Orix, who allegedly agreed to delete Kim's name from the lease. (Letter dated 9/19/95 from Cho to Judge Koeltl) ("Cho letter"). Kim also challenges the plaintiff's motion on the grounds that Cho has agreed to take full responsibility for the obligations under the contract. (Cho letter.)

 Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Gallo v. Prudential Residential Servs. Ltd. Partnership*, 22 F.3d 1219, 1223 (2d Cir.1994). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *see also Gallo*, 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. *See Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir.1994).

 The defendant has failed to present evidence of any material facts preventing the entry of summary judgment in favor of the plaintiff. Pursuant to the terms of the Lease, any modification of the Lease must be in writing. (Complaint, Exh. A)[2] Kim has

---

1. Orix is a New York corporation with its principal place of business in New Jersey, and Kim is citizen of the Commonwealth of Virginia. (Complaint ¶¶ 3, 4.)

2. The relevant provision of the Lease provides as follows:

 This instrument constitutes the entire agreement between Lessor and Lessee. No agent or

failed to present a writing that releases him from his obligations under the Lease, and in fact does not even allege that such a writing exists. New York General Obligations Law § 15–301 makes enforceable such a contract provision that requires a writing to change a contract. In the absence of such a writing, Credit Alliance is entitled to enforce the terms of the Lease against the defendant Kim. *See Opton Handler Gottlieb Feiler Landau & Hirsch v. Patel,* 203 A.D.2d 72, 73, 610 N.Y.S.2d 26, 27 (1st Dep't 1994).

Furthermore, even if the lessor had orally released Kim from his obligations under the Lease, as Kim claims, this release would be invalid for want of consideration. An oral release is ineffective unless the party giving the release received something of value to which it was not otherwise entitled. *See Chaput v. Unisys Corp.,* 964 F.2d 1299, 1301 (2d Cir.1994) (citing *Weiner v. McGraw–Hill,* 57 N.Y.2d 458, 457 N.Y.S.2d 193, 196, 443 N.E.2d 441, 444 (1982)). Kim does not even allege he gave valuable consideration for his alleged release from Orix of his contractual obligations.

Finally, Kim's argument that Cho agreed to assume responsibility under the lease is irrelevant to Orix's claim against Kim in his individual capacity as a lessee under the terms of the lease, and therefore does not present an issue of material fact barring entry of summary judgment in favor of the plaintiff. The possibility that Kim has claims against Cho does not alter Kim's continuing obligation to Orix under the lease.

Pursuant to the terms of the Lease, Kim and Cho agreed that in the event of default, the plaintiff could sell the equipment, apply the net proceeds of sale to the then "fair value" of the equipment, and pursue the recovery of the unpaid balance of total rent and other amounts due under the Lease.

Based on the calculations in the summary judgment papers, which are supported by the terms of the Lease to which the parties agreed, the amount of damages is (a) the past due rent as of October 15, 1993, the effective date of the private sale, in the amount of $25,849.76; (b) the amount of future rentals discounted as provided in the Lease, in the amount of $129,053.02; (c) additional late charges of $2,973.99; and (d) taxes of $7,015.63. The total damages were $164,-892.40, from which the proceeds of the private sale in the amount of $108,876.66 (less the lien search cost of $403.75) must be subtracted, leaving total damages of $56,419.49. To this amount, the parties agreed the lessor was entitled to a 20% attorneys' fee, which is $11,283.90, for total damages of $67,703.39. The plaintiff is also entitled to 9% interest per annum on the damages of $56,419.49 from October 15, 1993, the effective date of the private sale, which is the date from which the plaintiff seeks such interest. *See* N.Y.C.P.L.R. §§ 5001(a)–(b), 5004.

## CONCLUSION

For the reasons given above, the plaintiff's motion for summary judgment is GRANTED. The Clerk is directed to enter judgment in favor of the plaintiff for $67,703.00, plus 9% interest per annum on $56,419.49 from October 15, 1993 to the date of judgment.

**SO ORDERED.**

employee of the supplier is authorized to bind Lessor to this lease, to waive or alter any term or condition printed herein or add any provision hereto. Except as provided in section 3 herein, a provision may be added hereto or a provision hereof may be altered or varied only by a writing signed by an authorized officer of Lessor. Waiver by Lessor of any provisions hereof in one instance shall not constitute waiver as to any other instance.

(Complaint, Exh. A.)