104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
ORIX CREDIT ALLIANCE, INC., Plaintiff-Appellee,
v.
Ilho A. KIM, Defendant-Appellant.
 No. 96-7361.
 United States Court of Appeals, Second Circuit.
 Nov. 12, 1996.
 
 Ilho A. Kim, Pro Se, Fairfax, Va.
 Louise S. Meller, New York, N.Y.
 Before FEINBERG, LEVAL, and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Ilho A. Kim, pro se, appeals from the district court's grant of summary judgment in favor of Orix Corporation, Inc., holding Kim liable pursuant to a leasing agreement with Orix and awarding judgment for $67,703 plus pre-judgment interest on $56,419.49 from October 15, 1993 to the date of judgment. Finding no basis for reversal, we affirm.
 
 
 4
 Orix filed suit in diversity seeking to recover damages allegedly due under an equipment leasing contract with Kim. In its complaint, Orix alleged that Kim and his business partner, Ho Joon Cho, had leased dry cleaning equipment from Orix. Under the terms of the equipment lease, entered into on December 4, 1991, both Kim and Cho were liable as individuals and through their partnership for the total lease amount of $182,850. The lease provided that Kim and Cho would be further liable for attorney's fees in the amount of 20% of any balance due in the event of a contract breach.
 
 
 5
 On December 1, 1992, Kim and Cho defaulted on the lease. Orix repossessed the equipment and accelerated the balance due. As provided for in the lease agreement, Orix sold the equipment at a private sale after giving Kim fourteen days notice. Orix then sued Kim for the balance due on the lease, equal to the total lease payments, less the amount garnered from sale of the equipment.
 
 
 6
 Although Kim admits that he executed the lease agreement, he argues that he is not obligated under the lease agreement because he has obtained a release from the plaintiff. Kim alleges that John Abbot, an employee of Orix, orally agreed to delete Kim's name from all documents concerning the lease at some time after the lease was executed but prior to default. Kim argues that this release should bar liability.
 
 
 7
 As the district court noted, however, any oral modification was ineffective to release Kim from his obligation under the lease with Orix. The lease agreement contains a provision that any modification of the lease terms must be made in writing. Contract provisions that require written, rather than oral, modification are enforceable under New York law. N.Y. Gen. Oblig. Law § 15-301. Kim does not allege that there were written modifications to the contract terms, nor does he dispute that, under the terms of the contract as written, he is liable for damages. The alleged oral modification to the contract is unenforceable in the face of explicit contract language forbidding such modifications. See Opton Handler Gottlieb Feiler Landau & Hirsch v. Patel, 203 A.D.2d 72, 73, 610 N.Y.S.2d 26, 27 (1st Dep't 1994).
 
 
 8
 Kim also argues, in his brief to this court, that Orix's private sale of the lease equipment was unreasonable because the equipment was sold to Ho Joon Cho's new business partner. An issue raised for the first time on appeal is not properly before this court, and generally we will not consider it. See Hutton Const. Co., Inc. v. County of Rockland, 52 F.3d 1191, 1193 (2d Cir.1995). Nor does Kim point to specific facts in the record that would support a finding that the terms of the private sale were unreasonable. In order to defeat a motion for summary judgment, the non-movant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514 (1986). Kim's conclusory allegations fail to meet this standard.
 
 
 9
 We have considered the remainder of Kim's claims and find them to be without merit. The decision of the district court is therefore AFFIRMED.