■ REGAL REALTY SERVICES, LLC, Respondent-Appellant, v 2590 FRISBY, LLC, et al., Appellants-Respondents. [878 NYS2d 363]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered October 16, 2008, which denied defendants' motion and plaintiff's cross motion for summary judgment,

unanimously modified, on the law, defendants' motion granted, and otherwise affirmed, with costs. The Clerk is directed to enter judgment in defendants' favor dismissing the complaint.

Plaintiff entered into a contract on March 7, 2007 for the purchase of real property from defendant 2590 Frisby. The contract terms provided for a purchase price of $3,050,000, with a down payment of $152,500 to be held in escrow by Frisby's attorney, payment of which was timely made.

The balance of the purchase price was to be secured by plaintiff through a mortgage on the property. Section 16 of the contract required plaintiff to obtain, within 30 days, a written mortgage commitment in the amount of $2,182,500, or such lesser sum as plaintiff would be willing to accept. It further contained standard mortgage contingency language requiring plaintiff to make prompt application to an institutional lender, furnish accurate information, pay all fees, pursue such application with due diligence, and promptly identify the institutional lender to the seller. Frisby was obligated to provide plaintiff with any information needed for the application, and in the event the application was declined, plaintiff would provide Frisby with the consents necessary to obtain information concerning the application.

If plaintiff failed to secure the mortgage by the 30th day after the contract signing (the commitment date), both parties had a mutual option to cancel the contract on written notice, and in the event of such cancellation, the down payment was to be refunded. This mortgage contingency period would expire on the earlier of the date plaintiff received a mortgage commitment or five days after the commitment date, unless the parties agreed to an extension.

Section 17 of the contract provided that its terms could only be modified or changed in writing.

Plaintiff's initial mortgage application was to HSBC, and was rejected. Although the record is not clear as to the exact date that plaintiff's application was denied, the affidavit in support of plaintiff's cross motion for summary judgment states it was verbally advised of the denial "In the beginning of April, 2008." The reason for the denial had nothing to do with the marketability of title or condition of the premises. It was plaintiff that considered cancelling the contract, suggesting that the denial took place before the mortgage contingency expiration date in the contract of sale. Plaintiff advised Frisby's attorney of the rejection and contends that upon Frisby's suggestion, it applied to Frisby's current mortgagee, Hudson Valley Bank, for financing.

In August 2007, the parties attempted to renegotiate the terms of sale and amend the contract. Although the initial draft prepared by Frisby noted that the mortgage contingency in section 16 of the original contract had expired on April 11, 2007, plaintiff objected to that provision and it was removed from the final rider to the contract. That rider, executed on August 23, raised the purchase price to $3,075,000 and added a payment option in the form of a purchase money note and second mortgage.

A mortgage commitment letter was issued by Hudson Valley Bank on August 20, 2007, three days prior to the execution of the rider. That commitment was in the amount of $2,135,000, which was less than plaintiff was willing to accept for purchasing the property. Plaintiff took the position that the mortgage commitment was less than that applied for because certain "issues" involving the property's parking lot and a claim of mold in the building had arisen. No proof of these claims appears in the record. In an attempt to resolve those issues, the commitment was extended to September 29.

On September 21, 2007, Frisby's attorney sent notice to plaintiff's counsel of record that plaintiff was in default of the contract and set a "time of the essence" closing for October 22. A different attorney representing plaintiff wrote to defendants' counsel on October 15, that it was terminating the contract, and demanded return of the down payment. The next day, another letter was sent, objecting to the October 22 closing date, and pointing out that the "condition precedent" of section 16 of the contract had not occurred, thus entitling plaintiff to a refund of the deposit.

Frisby's counsel responded on October 17, stating that the mortgage contingency provision had expired by its terms six months earlier, and as of April 13 the contract ceased to be conditioned upon the issuance of a mortgage commitment. This letter further objected to plaintiff's demand for a return of the down payment.

The October 22 "time of the essence" closing date passed without a closing taking place. Litigation commenced, and Frisby moved in March 2008 for summary judgment, arguing that the plain terms of the contract obligated plaintiff to obtain a written mortgage commitment within 30 days of the contract date, and if it failed to do so, the mortgage contingency would expire five days later. By having failed to meet this obligation or to cancel the contract or obtain a written extension, plaintiff was considered in default, entitling Frisby to keep the deposit as liquidated damages pursuant to the terms of the contact.

Plaintiff cross-moved for summary judgment, arguing that since Frisby was working "hand in hand" with plaintiff's efforts to obtain a mortgage from Hudson Valley Bank, that constituted a waiver of the mortgage contingency clause, thus entitling plaintiff to a return of its deposit. In response, Frisby argued the contract by its terms could not be orally modified, that plaintiff never requested an extension of the mortgage contingency clause, and that other than the rider of August 23, 2007, no modifications were made to the original contract.

The motion court denied both motions, finding issues of fact including whether Frisby, by its actions, extended or waived the mortgage contingency clause. We disagree.

There is a fundamental concept that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (*id.*, quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]).

The mortgage contingency clause of the contract of sale expired by its terms on April 12, 2007. Based upon the unambiguous terms of section 16 of the contract of sale, plaintiff, when notified by HSBC of the denial of its initial financing application, could have cancelled the contract or requested an extension of time to obtain financing through Hudson Valley, but did neither. In either event, section 17 required any changes to be in writing.

Plaintiff's claim that Frisby's actions in assisting with financing from Hudson Valley led it to believe that Frisby had waived the terms of section 16 requires reliance on parol evidence to alter the terms of the written contract. This "ignores a vital first step in the analysis: before looking to evidence of what was in the parties' minds, a court must give due weight to what was in their contract" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Evidence from outside the four corners of an unambiguous document as to the parties' intentions is generally inadmissible to vary the writing (*Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 269-270 [1990]).

This is particularly so where, as here, section 17 unequivocally provided that "This Agreement may not be changed or terminated orally or in any manner other than by written agreement executed by Seller and Purchaser." Additionally, section 28 of the contract provided that "No failure or delay of either

party in the exercise of any right given to such party hereunder or the waiver by any party of any condition hereunder for its benefit (unless the time specified herein for exercise of such right, or satisfaction of such condition, has expired) shall constitute a waiver of any other or further right nor shall any single or partial exercise of any right preclude other or further exercise thereof or any other right." Frisby's failure to declare immediately, on April 13, 2007, the day after the mortgage contingency expired, that the contract was no longer contingent on financing did not prevent it from doing so later. On the other hand, plaintiff's failure either to cancel the contract or obtain an extension to obtain financing by April 12 did preclude it from seeking to attempt, as it did here, to cancel the contract some six months after the contingency expired.

Plaintiff's failure to comply with the terms of section 16 resulted in the expiration of the financing contingency. Its inability to subsequently obtain what it considered sufficient financing from Hudson Valley Bank led to Frisby's declaration of a time-of-the-essence closing, giving plaintiff 30 days to close or be in default. Plaintiff's failure to close on the law day placed it in default and subjected it to the liquidated damages clause in section 26 (b) (ii) of the contract (*Opton Handler Gottlieb Feiler Landau & Hirsch v Patel*, 203 AD2d 72 [1994]). The validity of such liquidated damages provisions has long been established in this state (*see Maxton Bldrs. v Lo Galbo*, 68 NY2d 373 [1986]; *Uzan v 845 UN Ltd. Partnership*, 10 AD3d 230 [2004]; *Chateau D' If Corp. v City of New York*, 219 AD2d 205 [1996], *lv denied* 88 NY2d 811 [1996]).

We have considered plaintiff's other arguments and find them to be without merit. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Freedman, JJ.