■ LIN SHI, Appellant, v PANAGIS ALEXANDRATOS et al., Respondents. [26 NYS3d 523]—

Appeal from order, Supreme Court, New York County (Lawrence K. Marks, J.), entered May 13, 2014, which granted defendants' motion for summary judgment dismissing the complaint, declaring that the Alexandratos defendants are entitled to retain the contact down payment and, on the first counterclaim, in favor of defendant Terry S. Triades, for attorney's fees and costs pursuant to section 6 (b) of the contract, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs, as to the grant of summary judgment dismissing the complaint and the declaration. That portion of the order which granted summary judgment on the first counterclaim deemed appeal from judgment, same court and Justice, entered October 17, 2014, in favor of defendant Terry S. Triades and against plaintiff, and, so considered, said judgment unanimously affirmed, without costs.

The residential contract of sale entered into between plaintiff and defendants Panagis Alexandratos and Carol Alexandratos provided that, if plaintiff did not receive a commitment for a first mortgage loan from an institutional lender on or before the "Commitment Date," he "may cancel this contract by giving Notice to Seller within 5 business days after the Commitment Date." It is undisputed that plaintiff failed to give the Alexandratoses notice of cancellation within five business days after the date on which the extension period he had requested and been granted expired. Plaintiff's argument that the mortgage contingency clauses of the contract constituted a condition precedent to his purchase of the Alexandratoses' house is belied by the contract language and by plaintiff's own conduct in requesting an extension of the mortgage contingency date before the initial 60-day "Commitment Date" term expired (see Regal Realty Servs., LLC v 2590 Frisby, LLC, 62 AD3d 498 [1st Dept 2009]).

Plaintiff's equitable restitution cause of action is barred by the existence of the contract of sale (*see IIG Capital LLC v Archipelago, L.L.C.*, 36 AD3d 401, 404-405 [1st Dept 2007]).

Plaintiff's causes of action against defendant Triades for breach of fiduciary duty and violation of Judiciary Law § 487 were correctly dismissed since documentary evidence established that Triades, as escrow agent, handled the down payment in accordance with the contract's escrow terms (*see Carter Fin. Corp. v Atlantic Med. Mgt.*, 268 AD2d 233 [1st Dept 2000], *lv denied* 94 NY2d 764 [2000]). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Richter and Kapnick, JJ.