Michael R. Gianatasio, PE, P.C. v City of New York (2018 NY Slip Op 02272)





Michael R. Gianatasio, PE, P.C. v City of New York


2018 NY Slip Op 02272


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6159 453153/15 M-5747

[*1]Michael R. Gianatasio, PE, P.C. doing business as MRG Engineering & Construction, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


The Law Offices of Michael James Mauro, P.C., New Rochelle (Michael James Mauro of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (John Moore of counsel), for The City of New York and Administration for Children's Services, respondents.
Sher Tremonte LLP, New York (Theresa Trzaskoma of counsel), for Leake & Watts Services Inc., respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 29, 2016, which, inter alia, granted defendants' motions to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, without costs.
Supreme Court properly found that because the contract at issue never met the requirements of the Procurement Policy Board and Chapter 13 of the New York City Charter, it was not a final and legally binding contract, and thus both plaintiff's contractual and noncontractual based causes of actions, including the claim of promissory estoppel, should be dismissed (see
Casa Wales Hous. Dev. Fund Corp. v City of New York, 129 AD3d 451 [1st Dept 2015], lv denied 26 NY3d 917 [2016]). This case does not present the type of unusual circumstances warranting application of an equitable exception, such as the rule fashioned in Gerzof v Sweeney (22 NY2d 297 [1968]) (see S.T. Grand, Inc. v City of New York, 32 NY2d 300 [1973]).
The court also correctly found that, as to defendant Leake & Watts Services, Inc., the contracts are clear and unambiguous, and it was only a financial conduit, with no independent financial obligations (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; Regal Realty Servs., LLC v 2590 Frisby, LLC, 62 AD3d 498, 501 [1st Dept 2009]).
Lastly, we deny plaintiff's motion seeking judicial notice of a petition filed by the municipal defendants with the Office of Administrative Trials and Hearings, concerning alleged violations of Labor Law § 220 (the Prevailing Wage Law). It is inappropriate to take judicial notice of a fact that is controverted (Walker v City of New York, 46 AD3d 278, 282 [1st Dept 2007]; see also Pua v Lam, 155 AD3d 487 [1st Dept 2017]). Even if we were to consider those proceedings, nothing in the City's filings evidences any admissions as to the validity of the contracts.
We have considered plaintiff's remaining contentions and find them unavailing.
M-5747 - Gianatasio v The City of New York
Motion to take judicial notice denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK