Lam Platt St. Hotel LLC v Golden Pearl Constr. LLC (2021 NY Slip Op 06086)





Lam Platt St. Hotel LLC v Golden Pearl Constr. LLC


2021 NY Slip Op 06086


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 650981/17 Appeal No. 14587 Case No. 2018-5999 

[*1]Lam Platt Street Hotel LLC, Plaintiff-Appellant,
v
Golden Pearl Construction LLC, et al., Defendants-Respondents. Nobutaka Ashihara Architect P.C., Defendant.


Zetlin & De Chiara LLP, New York (James H. Rowland of counsel), for appellant.
Rich, Intelisano & Katz, LLP, New York (Robert J. Howard of counsel), for Golden Pearl Construction LLC, respondent.
Dreifuss Bonacci & Parker, PC, New York (Joanne M. Bonacci of counsel), for CNY Group LLC, Kenneth M. Colao, Steven Colao and Harry Gross, respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered November 29, 2018, which, to the extent appealed from as limited by the briefs, granted defendant Golden Pearl Construction LLC's motion to dismiss the claims for consequential damages and restitution or disgorgement, unanimously affirmed, with costs.
The claims seeking consequential damages were properly dismissed. Pursuant to the unambiguous language of the waiver provision in the relevant contract, the parties waived "all consequential damages" against each another "without limitation" (see Daily News v Rockwell Intl. Corp., 256 AD2d 13 [1st Dept 1998], lv denied 93 NY2d 803 [1999]).
The claim for return of the additional amounts due upon execution of the parties' settlement agreement, which plaintiff pleaded as "disgorgement" of the sum it paid to defendant and the court properly characterized as a claim for restitution, was correctly dismissed because it is barred by the undisputed existence of an enforceable contract (see Lin Shi v Alexandratos, 137 AD3d 451, 452 [1st Dept 2016], lv denied 28 NY3d 905 [2016]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021