Board of Mgrs. of the 900 Park Ave. Condominium v Park Park Assoc., LLC (2025 NY Slip Op 06642)

Board of Mgrs. of the 900 Park Ave. Condominium v Park Park Assoc., LLC

2025 NY Slip Op 06642

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Index No. 655999/21|Appeal No. 5267|Case No. 2024-07901|

[*1]The Board of Managers of the 900 Park Avenue Condominium, etc., Plaintiff-Appellant,
v
Park Park Associates, LLC, Defendant-Respondent.

Herrick Feinstein LLP, New York (Joshua M. Herman of counsel), for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about November 8, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its claims for a declaratory judgment, breach of contract, and attorneys' fees, unanimously affirmed, with costs.
Plaintiff is the Board of Managers of the 900 Park Condominium located at 900 Park Avenue in Manhattan. Pursuant to a February 13, 1997 deed, defendant Park Park Associates is the owner of the commercial garage unit located in 900 Park. The garage unit is comprised of two levels, A and B, separated by a concrete slab which forms the floor of Level A and the ceiling of Level B. The building was constructed in 1973, at which time a waterproof topper was installed on the concrete slab over the floor of Level A of the garage unit.
In its complaint, plaintiff alleges that while defendant has operated the garage unit as a commercial parking garage for several decades, defendant has failed to protect the garage unit from water and chloride infiltration, which has resulted in degradation and decomposition of the concrete slab in the garage unit. Plaintiff further alleges that the garage unit is owned exclusively by defendant and is not a common element, and that defendant has breached its contractual obligations by refusing to repair it.
Summary judgment on plaintiff's claims for, among other things, a declaration that defendant is liable for repairs and maintenance of the garage unit, was properly denied by the motion court. Initially, contrary to the motion court's conclusion, there is no ambiguity in the condominium's governing documents, under which maintenance and repair of the waterproof topper in the garage unit is defendant's responsibility (see Dreisinger v Teglasi, 130 AD3d 524, 527 [1st Dept 2015]; Regal Realty Servs., LLC v 2590 Frisby, LLC, 62 AD3d 498, 501 [1st Dept 2009]). Article 5 of the condominium's declaration specifically states that the vertical measurement of each unit runs from "the top of the concrete floor" to the "underside of the concrete ceiling." The waterproof topper is clearly applied to the top of the concrete floor.
However, Supreme Court properly concluded that there are issues of fact as to the cause of the damage to the concrete slab between the two levels of defendant's garage unit (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The parties submitted competing expert reports concerning the cause of the damage. Moreover, although plaintiff contends that defendant's failure to maintain, repair, or replace the waterproof topper allowed road chemicals to infiltrate the concrete thereby causing the damage, there was also water infiltration to the building and garage that went
unaddressed or remediated by plaintiff for several years and for which defendant claims it had no responsibility. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025