■ RICK MARRUS, Appellant, v AUI INDUSTRIAL INC., Respondent.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on September 18, 1990, which, *inter alia,* denied plaintiff's motion for summary judgment, or in the alternative for partial summary judgment in the sum of $250,000, unanimously affirmed, without costs or disbursements.

In February 1988, plaintiff tendered his shares to the defendant corporation and sought $630,000 pursuant to a 1980 shareholders redemption agreement. Defendant contended that plaintiff was only entitled to $250,000 pursuant to a 1987 agreement which allegedly superseded the buy-sell provision of the 1980 shareholders agreement. The 1987 document, which is entitled "Agreement Reached 9/16/87 Regarding Potential Sale of AUI Asset: Memorandum of Understanding in Concept Only", was drafted in anticipation of the sale of defendant's assets to Mestek Industries. The handwritten document provides that in the event defendant's assets were sold to Mestek, plaintiff would be paid $250,000 in complete payment for his interest in the corporation. The agreement furthermore stated that "such payment shall immediately succeed the closing of the sale."

A question of fact exists as to whether the 1987 agreement was a binding agreement which superseded the 1980 stockholder's agreement. Although plaintiff contends that the plain meaning of the term "memorandum of understanding in concept only" shows that the agreement was not binding, this language is sufficiently ambiguous to warrant the introduction of parol evidence to determine the parties' intent *(305 E. 24th Owners Corp. v Parman Co.,* 69 NY2d 991, *revg* 122 AD2d 684).

Should the jury ultimately decide that the 1980 agreement was not superseded, it may still deny recovery to plaintiff under the terms of the redemption agreement which required that plaintiff terminate his employment by reason of death, disability or retirement. Under these circumstances, it was not error for the court to deny plaintiff partial summary judgment in the amount of $250,000. In this regard, however, we reject

defendant's argument that the statement "payment shall immediately succeed the closing of the sale" was understood by the parties to mean that payment to plaintiff was to await Mestek's full payment to defendant. On the contrary, the parties' usage of the unambiguous, legal term "closing", precludes the admission of parol evidence to prove that the parties did not intend this meaning *(305 E. 24th Owners Corp. v Parman Co., supra)*. Concur—Milonas, J. P., Ellerin, Wallach, Kassal and Smith, JJ.