■ FLORITA MORESCHI, Respondent, v MICHAEL DIPASQUALE et al., Appellants. [872 NYS2d 108]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered October 1, 2007, which, insofar as appealed from in an action to impress a constructive trust upon 50% of the shares of defendant American Sirloin Meat Co., Inc. (American Sirloin), granted plaintiff's cross motion to dismiss the affirmative defense of laches, unanimously affirmed, with costs.

Plaintiff alleges that she was a copartner of defendant DiPasquale in starting up and building American Sirloin. According to plaintiff, DiPasquale promised her many times over the years that she was a coequal owner in the business and such promises and assurances were made as recently as 2000 and 2002. DiPasquale denies such promises were made.

The affirmative defense of laches requires a showing of undue delay by a party in asserting its rights, as well as prejudice to the opposing party as a consequence of the delay (*see generally Matter of City of New York [New York Life Ins. Co.]*, 21 NY2d 293, 303 [1967]; *Haberman v Haberman*, 216 AD2d 525, 527 [1995]). Here, viewing the facts in the light most favorable to defendants, who oppose the cross motion (*see generally Shannon v MTA Metro-N. R.R.*, 269 AD2d 218 [2000]), even if we were to find factual issues as to the element of undue delay, defendants have failed to show prejudice. Although DiPasquale argues that he relied on plaintiff's undue delay in asserting her claim to a 50% interest in the business predicated upon his alleged promises, inasmuch as he would not have lavished gifts

and money upon plaintiff, he makes no argument that plaintiff agreed to accept the gifts and money in lieu of asserting an interest in the company. The record also indicates that the gifts were purchased with the earnings from the business in which plaintiff alleges she had a 50% interest. Regarding the compensation that plaintiff was paid, the record supports the conclusion that she earned the compensation and medical coverage for her years of service at the company, and there is no evidence that plaintiff knowingly received the compensation as an offset to her claim of an ownership right in American Sirloin.

We have considered defendants' remaining contentions, including the assertion of laches based upon the loss of evidence due to plaintiff's undue delay, and find them unavailing. Concur—Saxe, J.P., Gonzalez, Sweeny, Renwick and DeGrasse, JJ.