■ BANK OF AMERICA NATIONAL ASSOCIATION, as Successor by Merger to LaSALLE BANK NATIONAL ASSOCIATION, as Trustee, for MORGAN STANLEY LOAN TRUST 2006, Plaintiff, v CHAU T. LAM et al., Appellants, and YAH RONG TING et al., Respondents, et al., Defendants. [2 NYS3d 87]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 12, 2013, which denied defendants-appellants' motion to declare the parties' December 1, 2010 stipulation expired and unenforceable, unanimously reversed, on the law, without costs, the motion granted, and it is declared that the stipulation is unenforceable. Appeals from orders, same court and Justice, entered September 17, 2013, and January 22, 2014, which, respectively, directed the parties to use a court-selected real estate broker to secure a buyer for the subject property, and granted defendant Yah Rong Ting's motion to compel appellants' compliance with the stipulation, unanimously dismissed, without costs, as academic.

Stipulations are judicially favored and not lightly cast aside (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]). Defendants-appellants were entitled to a declaration that the parties' December 1, 2010 stipulation had expired and was unenforceable. In the stipulation, the parties agreed that the

closing date of the sale of the property should take place no later than May 31, 2011. However, the court found that the intent of the parties was not to close by the date set forth in the stipulation; rather the "intent" was to move the sale forward to a closing "within a reasonable time." The intent of the parties should have been determined from the unambiguous language of the stipulation, as it is a well recognized precept of contract construction that "[t]he best evidence of what parties to a written agreement intend is what they say in their writing" *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Where, as here, the term in a stipulation is not ambiguous, it is error for the court to consider extrinsic evidence such as the conduct of the parties (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]; *Regal Realty Servs., LLC v 2590 Frisby, LLC*, 62 AD3d 498, 501 [1st Dept 2009]).

Respondent may not rely on the doctrine of laches to support the denial of appellants' motion. Laches is "an equitable bar, based on a lengthy neglect or omission to assert a right and the resulting prejudice to an adverse party" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 816 [2003], *cert denied* 540 US 1017 [2003]; *see also Moreschi v DiPasquale*, 58 AD3d 545 [1st Dept 2009]). It is undisputed that appellants did not raise the issue of the expiration of the closing date agreed upon in the stipulation until more than two years after its expiration, despite having had ample opportunity to do so, and even while litigating in this Court on the prior appeal. However, "mere delay alone, without actual prejudice, does not constitute laches" (*Premier Capital, LLC v Best Traders, Inc.*, 88 AD3d 677, 678 [2d Dept 2011]), and respondent has failed to make any actual and nonspeculative showing of prejudice. Concur—Sweeny, J.P., Andrias, Moskowitz, Richter and Clark, JJ.