Friedlander v Jack's Holdings Inc. (2022 NY Slip Op 01964)





Friedlander v Jack's Holdings Inc.


2022 NY Slip Op 01964


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Index No. 653210/19 Appeal No. 15554 Case No. 2021-02392 

[*1]Robert Friedlander, Plaintiff-Appellant,
v
Jack's Holdings Inc., Doing Business as Jack's Stir Brew Coffee et al., Defendants-Respondents.


Bell Law PLLC, New York (Salvatore Compoccia of counsel), for appellant.
Landman Corsi Ballaine & Ford P.C., New York (Daniel S. Moretti of counsel), for respondents.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered June 17, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his breach of contract claim, unanimously reversed, on the law, without costs, and the motion granted insofar as the contract required defendants to pay plaintiff $25,000 upon closing of a loan securing funding for defendants' business.
Initially, we reject defendants' contention that plaintiff failed to prove the existence of an enforceable contract. The evidence demonstrates "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms," as set forth by plaintiff and expressly approved by the company defendants' chief financial officer and by defendant Mazzola, the chief executive officer (Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016] [internal quotation marks omitted]). Mazzola admitted, in his affidavit in opposition to the motion, that there was a new arrangement regarding plaintiff's compensation with terms identical to those stated in the emails evincing the parties' agreement.
We also find that plaintiff satisfied his prima facie burden of entitlement to summary judgment. The agreement clearly states: "Should the company receive investment of $500,000 or more through convertible note, equity investment or otherwise that [plaintiff is] not directly involved with bringing in, the company will pay [plaintiff] $25,000 upon closing" (see e.g. Banco EspÍrito Santo, S.A. v ConcessionÁria Do Rodoanel Oeste S.A., 100 AD3d 100, 106 [1st Dept 2012] ["A contract is unambiguous if on its face [it] is reasonably susceptible to only one meaning"] [internal quotation marks omitted]). Plaintiff demonstrated, and defendants do not contest, that defendants closed on a bridge loan of $600,000, which was essentially a convertible note, the day before plaintiff's employment was terminated. "[I]t is a well recognized precept of contract construction that [t]he best evidence of what parties to a written agreement intend is what they say in their writing" (Bank of Am. N.A. v Lam, 124 AD3d 430, 431 [1st Dept 2015] [internal quotation marks omitted]). Thus, under the terms of the agreement, plaintiff was entitled to the $25,000 payment.
Defendants failed to raise a triable issue of fact. Their contention as stated in Mazzola's affidavit — that plaintiff was not entitled to payment because they did not receive the entire amount of funding from the loan before plaintiff was terminated — is simply not supported by the language of the agreement, since "the parties' usage of the unambiguous, legal term 'closing,' precludes the admission of parol evidence to prove that the parties did not intend this meaning" (Marrus v AUI Indus., 171 AD2d 549, 550 [1st Dept 1991]). "[O]n a motion for summary judgment, the construction of an unambiguous contract is a question of law for [*2]the court to pass on, and . . . circumstances extrinsic to the agreement or varying interpretations of the contract provisions will not be considered where, as here, the intention of the parties can be gathered from the instrument itself" (Lake Constr. & Dev. Corp. v City of New York, 211 AD2d 514, 515 [1st Dept 1995]; accord Koren Rogers Assoc. Inc. v Standard Microsystems Corp., 79 AD3d 607, 608 [1st Dept 2010]).
Contrary to defendants' contention, plaintiff's motion was not premature (CPLR 3212[f]). Given the clear terms of the contract and the undisputed date of the loan closing, defendants failed to show that "discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852 [2d Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022